UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LANDON PERRY, | § § § | |
| *Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:23-cv-04441 |
| HALLIBURTON ENERGY SERVICES, INC., | § § § § | |
| *Defendant*. | § § | |

### PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTION FROM DEFENDANT'S SUBPOENA TO TESTIFY AT A DEPOSITION SERVED ON ELITE MEDICAL WELLNESS, LLC, AND SUPPORTING BRIEF

Plaintiff Landon Perry hereby moves this Court to quash the Subpoena to Testify at a Deposition served on Elite Medical Wellness, LLC, and further moves for a protective order prohibiting the discovery Defendant now seeks.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT .....**Error! Bookmark not defined.**

SUMMARY OF THE ARGUMENT ......................................**Error! Bookmark not defined.**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING.................**Error! Bookmark not defined.**

ARGUMENT.............................................................................................................................. 6

A.  This Court must quash Defendant's third party subpoena to Elite Medical pursuant to Fed. R. Civ. P. 45(d)(A) because it requires disclosure of privileged or other protected matters and imposes an undue burden ....................................................6

　　1.  The subpoena must be quashed because it requires disclosure of privileged or other protected matters and no exception or waiver applies ..................................... 7

　　2.  The subpoena must be quashed because it imposes an undue burden ..................... 10

B.  There is good cause for this Court to issue an order to protect Mr. Perry and other Arnold & Itkin clients from annoyance, embarassment, oppression, and undue burden or expense pursuant to Fed. R. Civ. P. 26(c) ................................................... 12

CONCLUSION................................................................15**Error! Bookmark not defined.**

CERTIFICATE OF CONFERENCE ...................................................................................16

CERTIFICATE OF SERVICE ........................................................................................... 16

# **TABLE OF AUTHORITIES**

**Cases**

*Brown v. Braddick,*
    595 F.2d 961 (5th Cir. 1979) ........................................................................................ 6

*EEOC v. BDO USA, LLP*,
    876 F.3d 690 (5th Cir. 2017) ..................................................................................... 8, 9

*Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*,
    219 F.R.D. 396 (E.D. Tex. 2003) ............................................................................... 7, 8

*Jez v. Dow Chem. Co., Inc.*,
    402 F.Supp.2d 783 (S.D. Tex.2005) .............................................................................. 6

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
    14-CV-03657-SI, 2019 WL 118595 (N.D. Cal. Jan. 7, 2019) ...................................... 11

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
    2:07-CV-565-TJW-CE, 2011 WL 1714304 (E.D. Tex. May 4, 2011) ............................ 8

*Seymore v. Penn Mar. Inc.*,
    281 Fed. Appx. 300 (5th Cir. 2008) .......................................................................... 1, 10

*United States v. El Paso Co.*,
    682 F.2d 530 (5th Cir.1982) ......................................................................................... 7

*United States v. Homeward Residential, Inc.*,
    4:12-CV-461, 2016 WL 1031154 (E.D. Tex. Mar. 15, 2016) ........................................ 7

*United States v. Ocwen Loan Servicing*,
    2016 WL 1031157 (E.D. Tex. March 15, 2016) ........................................................ 8, 9

*United States v. Robinson*,
    121 F.3d 971 (5th Cir. 1997) ........................................................................................ 8

*VHT, Inc. v. Zillow Group, Inc*,
    C15-1096JLR, 2016 WL 7077235 (W.D. Wash. Sept. 8, 2016) ................................. 11

*Wiwa v. Royal Dutch Petroleum Co*,
    392 F.3d 812, 818 (5th Cir. 2004) .............................................................................. 10

**Statutes and Rules**

Fed. R. Civ. P. 26(b)(3) ................................................................................................. 7

Fed. R. Civ. P. 26(c) ......................................................................................... 2, 12, 14

Fed. R. Civ. P. 45(d) .................................................................................. 1, 2, 6, 7, 10, 12

**STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT**

Mr. Perry filed this Jones Act negligence action in Harris County, Texas. Defendant Halliburton Energy Services, Inc. ("Defendant") removed the case to federal court and, following briefing and argument on Mr. Perry's subsequent motion to remand, this Court severed and remanded Mr. Perry's Jones Act claim to the Texas state court but retained OSCLA jurisdiction over Mr. Perry's claim for maintenance and cure. Now, Defendant has issued a Subpoena to Testify at a Deposition to non-party Elite Medical Wellness, LLC ("Elite Medical"). The subpoena seeks a variety of privileged and irrelevant information related to alleged litigation funding agreements and/or case referral agreements and further seeks to circumvent Texas law which would preclude the discovery of such information in Mr. Perry's pending Jones Act case in Texas state court. The issues presented to this Court are: (1) whether the Court should quash Defendant's subpoena as it requires disclosure of privileged or other protected matters and imposes an undue burden; and (2) whether there is good cause to issue an order of protection prohibiting the discovery sought therein.

**SUMMARY OF THE ARGUMENT**

This Court should quash Defendant's subpoena issued to Elite Medical because:

- Defendant's subpoena seeks information, documents, and communications related to alleged litigation funding agreements that are protected by the work-product doctrine and/or attorney-client privilege. Because the subpoena requires disclosure of privileged or other protected matters and no exception or waiver applies, this Court *must* quash or modify the subpoenas. Fed. R. Civ. P. 45(d).

- The subpoena is unduly burdensome because Defendant cannot show the relevance of and need for the information and documents it seeks. Evidence of litigation loans is particularly irrelevant here, as litigation loans do not extinguish liability of a seaman's employer regarding a maintenance and cure claim. *See Seymore v. Penn Mar. Inc.*, 281 Fed. Appx. 300, 301 (5th Cir. 2008).

1

> The overbroad subpoenas served on a non-party are unduly burdensome and *must* be quashed or modified. Fed. R. Civ. P. 45(d).

Plaintiff is further entitled to a protective order forbidding the disclosure or discovery sought because:

- The requested discovery goes well beyond the scope of a "third party" subpoena and seeks privileged and irrelevant documents and communications as to both Mr. Perry and other Arnold & Itkin clients. The Court has good cause to issue an order to protect Mr. Perry and others from annoyance, embarrassment, oppression, and undue burden or expense. Fed. R. Civ. P. 26(c).

- Litigation loans have *no relevance* to Mr. Perry's federal maintenance and cure claim. It is clear that Defendant seeks to circumvent Texas law, which clearly prohibits the kind of discovery Defendant now seeks, by serving the subpoena on a non-party in this severed federal case. Defendant should not be permitted to obtain discovery which is wholly irrelevant to the instant case in order to argue for its use or admission in the pending state case.

For these reasons, Mr. Perry respectfully asks that the Court quash the Subpoena to Testify at a Deposition issued to non-party Elite Medical by Defendant in this case and issue an order of protection prohibiting the disclosure or discovery Defendant seeks.

## **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This case arises from Mr. Perry's work on the Stim Star III to which he was permanently assigned as a seaman. *See* Ex. 1, Pls. Orig. Pet. ¶ 9. Mr. Perry conducted all or a substantial part of his work on the Stim Star III while deployed in navigable waters. *Id*. ¶ 10. He engaged in sea-based work on the Stim Star III with allegiance to vessel management. *Id*. ¶ 10. Importantly, neither Mr. Perry nor the Stim Star III were engaged in any physical activity that involved the exploration or production of minerals. *Id*.

On April 22, 2023, Defendant instructed Mr. Perry to assist in mixing chemicals necessary for a maritime voyage of the Stim Star III. *Id*. ¶ 11. Despite ordering him to mix two

chemicals, Halliburton failed to provide the proper protective equipment or warn Mr. Perry of the dangers associated with these chemicals. *Id.* ¶ 12. While mixing the two, a fiery explosion occurred and horrifically burned Mr. Perry. He has suffered and will continue to suffer physical pain, physical impairment, disfigurement, mental anguish, lost wages, and significant medical expenses as a direct result. *Id.* ¶ 13.

On October 20, 2023, Mr. Perry filed his Petition in the 127th Judicial District of Harris County, Texas, Case No. 2023-73435, asserting claims under the Jones Act. *See generally* Ex. 1, Pls. Orig. Pet. On November 24, 2023, Defendant filed a Notice of Removal. *See* Doc. 1. Mr. Perry subsequently filed a motion to remand on December 26, 2023. *See* Doc. 5. On July 25, 2024, this Court entered an order severing and remanding Mr. Perry's Jones Act claim to the Texas state court but retained OSCLA jurisdiction over Mr. Perry's claim for maintenance and cure. *See* Doc. 24.

On January 27, 2025, Defendant issued a Notice of Deposition of Corporate Representative of non-party Elite Medical and Subpoena to Testify at a Deposition on January 31, 2025, at 10:00 a.m. *See* Ex. 2, Elite Medical Subpoena to Testify; Ex. 3, Elite Medical Notice of Deposition.[1] The subpoena includes an attachment setting forth the scope of the subpoena, which seeks a variety of privileged and irrelevant information related to alleged litigation funding agreements and/or case referral agreements between Elite Medical and/or Dr. Patrick Hayes ("Dr. Hayes"), Access Healthcare Management ("Access Healthcare"), and Mr. Perry's counsel, Arnold & Itkin, LLP ("Arnold & Itkin"). *See* Ex. 2, Elite Medical

---

[1] Subsequently, Defendant canceled the scheduled deposition but indicated a notice and subpoena would be reissued pending the Court's ruling on both Mr. Perry's and Elite Medical's forthcoming challenges. Defendant also agreed to afford Mr. Perry an extension until February 7, 2025, to challenge the instant subpoena.

3

Subpoena to Testify at attached Ex. A. Defendant first seeks information related to one specifically identified lien agreement, "any other agreements or understandings" that relate to Mr. Perry "in any way," and any medical funding, factoring, or financing agreements related to Mr. Perry's medical treatment or payment for medical services:

> 1. The terms of the Lien and Receivables Purchase and Assignment Agreement between Access Healthcare Management, LLC, and Elite Medical Wellness, LLC/Dr. Patrick Hayes, dated September 27, 2018, and any exhibits, enclosures, and amendments thereto.
>
> 2. The terms of any other agreements or understandings that relate to the Plaintiff in any way, whether written or oral, between Elite Medical Wellness, LLC and any other person or entity. This includes, but is not limited to, agreements and understandings with Access Healthcare Management, LLC and/or Arnold & Itkin, LLP.
>
> 3. The terms of any medical funding, factoring, and/or financing agreements, whether written or oral, relevant to Plaintiff's medical treatment or payment therefor.

Ex. 2, Elite Medical Subpoena to Testify at attached Exhibit A, ¶¶ 1–3. Notably, Defendant is already in possession of the "Lien and Receivables Purchase and Assignment Agreement" identified above and questioned Dr. Hayes about the agreement extensively at his recent deposition. *See* Ex. 4, Hayes Dep. at 125:9–132:18.

Defendant next seeks information and documents related to the amounts charged and paid to Elite Medical for medical services rendered to Mr. Perry as well as the identity of any person or entity who has made or agreed to make payments to Elite Medical for or on behalf of Mr. Perry. Ex. 2, Elite Medical Subpoena to Testify at attached Exhibit A, ¶¶ 4–6. Again,

4

Defendant already possesses all of Mr. Perry's medical records and bills from Elite Medical which have been produced by Mr. Perry through standard discovery in the pending litigation.

Defendant also seeks information related not just to Mr. Perry, but *any* Arnold & Itkin clients who have been patients of Elite Medical over the last five years:

> 7. The number of patients treated by a provider at Elite Medical Wellness, LLC, **who were represented by the law firm of Arnold & Itkin, LLP, at the time of said treatment** between April 22, 2020 and the present date.
>
> 8. The total amount of payments received by Elite Medical Wellness, LLC, between April 22, 2020 and the present date, for medical services rendered to **patients who were represented by the law firm of Arnold & Itkin, LLP**.
>
> 9. The name, address, and phone number of the payors who made any payments for, or on behalf of, **any patient who was being represented by the law firm of Arnold & Itkin, LLP**, between April 22, 2020 and the present date.
>
> 10. The historical amounts accepted by Elite Medical Wellness, LLC for services rendered to **patients represented by the law firm of Arnold & Itkin, LLP.**

*Id*. at attached Exhibit A, ¶¶ 7–10 (emphasis added). Similarly, Defendant seeks information related to *all* patient referrals to Elite Medical and/or Dr. Hayes by either Access Healthcare or Arnold & Itkin over the last five years. *Id*. at attached Exhibit A, ¶ 11.

Next, Defendant broadly asks Elite Medical to provide the total amounts Access Healthcare has paid to Elite Medical and/or Dr. Hayes over the past five years. *Id*. at attached Exhibit A, ¶ 12. Finally, Defendant seeks testimony regarding "communications" between Elite Medical and Access Healthcare and/or Arnold & Itkin "that relate to Plaintiff in any way[.]" *Id*. at attached Exhibit A, ¶ 13. The attachment defines "communications" as included

5

but not limited to "emails, faxes, correspondence, text messages, and voicemails." *Id*. at attached Exhibit A.

At their core, all of these requests seek information, documents, and communications related to alleged litigation funding and/or referral agreements that Elite Medical and/or Dr. Hayes may have discussed or entered into with Access Healthcare, Mr. Perry, and other Arnold & Itkin clients. As discussed further below, this "third party" subpoena seeks information and documents which require disclosure of privileged or other protected matter and impose undue burden. The Court should grant Mr. Perry's motion and enter an order quashing Defendant's Subpoena to Testify and protecting Mr. Perry and others from the discovery sought therein.

## ARGUMENT

A. **This Court must quash Defendant's third party subpoena to Elite Medical pursuant to Fed. R. Civ. P. 45(d)(A) because it requires disclosure of privileged or other protected matters and imposes an undue burden.**

Federal Rule of Civil Procedure 45 governs third party subpoenas and states that the court *must* quash or modify a subpoena that requires disclosure of privileged or other protected matters or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). The 1991 advisory committee notes make clear that these provisions are meant to protect non-parties during their "involuntary assistance to the court." 1991 Advisory Committee Notes regarding FRCP 45, former subdivision (c). To have standing to challenge a subpoena issued to a non-party, a party must either have "possession of the materials subpoenaed" or a "personal right or privilege with respect to the materials subpoenaed." *Jez v. Dow Chem. Co., Inc.*, 402 F.Supp.2d 783, 784–85 (S.D. Tex.2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).

6

Mr. Perry has standing to challenge Defendant's subpoenas to third-party Elite Medical because, as discussed further below, Mr. Perry has a personal right or privilege with respect to the requested information and documents. In addition, Defendant also seeks such privileged information with respect to an unidentified number of other Arnold & Itkin clients. The subpoena itself seeks information and documents related to alleged litigation funding agreements which is protected from discovery by both the work-product doctrine and attorney-client privilege. Under Rule 45(d), this Court *must* quash or modify the subpoena to Elite Medical because it requires disclosure of privileged or other protected matters and imposes an undue burden.

> **1. The subpoena must be quashed because it requires disclosure of privileged or other protected matters and no exception or waiver applies.**

The work-product doctrine protects against the discovery of all documents and tangible things prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3). The Fifth Circuit has long held that documents are considered prepared in anticipation of litigation and therefore constitute work product "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982). Such documents are only discoverable where the requesting party shows that it has a "substantial need" for the materials to prepare its case and cannot obtain their substantial equivalent by other means without undue hardship. *Id.*

The work-product protection is not automatically waived by disclosure to a third party. *United States v. Homeward Residential, Inc.*, 4:12-CV-461, 2016 WL 1031154, at *5 (E.D. Tex. Mar. 15, 2016) (quoting *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003)). "Disclosure of work-product waives work-product protection only

7

if work-product is given to adversaries or treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material." *Ferko*, 219 F.R.D. at 400–01.

Disclosure requirements are also limited by the attorney-client privilege. *EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017). A statement is protected by this privilege if it is (1) a "confidential communication," (2) made "to a lawyer or his subordinate," (3) "for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *Id.* (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). Furthermore, the common interest privilege is an extension of both the attorney client privilege and of the work product doctrine. *United States v. Ocwen Loan Servicing*, 2016 WL 1031157, at *6 (E.D. Tex. March 15, 2016) (citing *Ferko*, 219 F.R.D. at 401). It is not a separate privilege, but is "an exception to the general rule that the [ ] privilege is waived upon disclosure of privileged information with a third party." *Id.* (internal quotations omitted). The common interest privilege protects communications between two parties or attorneys that share a common legal interest. *Id.*

Federal courts in Texas have recognized that documents related to litigation funding are protected as privileged work product. *Ocwen Loan Servicing*, 2016 WL 1031157 at *6 (finding that litigation funding information is protected by the work product doctrine); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *3 (E.D. Tex. May 4, 2011) (holding that documents prepared with the intention of coordinating potential investors to aid in future possible litigation is protected by the work product doctrine). In *Ocwen Loan Servicing*, the court specifically held that the common interest doctrine applied because "[l]itigation funders have an inherent interest in maintaining the confidentiality of

8

potential clients' information" and the plaintiff thus "had an expectation that the information disclosed to the litigation funders would be treated as confidential." *Id*.

Here, Defendant's subpoena seeks testimony and related documents which constitute protected work product prepared in anticipation of litigation. The identified scope of testimony focuses on agreements and communications with Access Healthcare and Arnold & Itkin. Access Healthcare is a lien-based case management service and medical funding provider for clients pursuing personal injury cases. The very nature of any and all documents prepared by or for Access Healthcare suggests the anticipation of litigation. Obviously, the same is true of agreements or communications with Arnold & Itkin, a plaintiffs' personal injury law firm. Defendant cannot argue that any of the documents related to the identified scope of testimony were not prepared in anticipation of litigation. *See Ocwen Loan Servicing*, 2016 WL 1031157 at *6. Defendant also has not and cannot show a "substantial need" for requested documents. As discussed further below, the information and documents sought are either irrelevant or available through less burdensome means.

Similarly, any and all communications related thereto were made primarily for securing legal services or assistance in a legal proceeding such that Defendant's subpoena requires disclosure of information protected by attorney-client privilege. *See EEOC*, 876 F.3d 690, 695 (5th Cir. 2017). Under the common interest doctrine, the alleged litigation investor, Access Healthcare, has an inherent interest in maintaining the confidentiality of potential clients' information, and Mr. Perry, as well as other Arnold & Itkin clients implicated in Defendant's requests, had an expectation that the information and documents disclosed to Access Healthcare would be treated as confidential. *Id*. Because the issued subpoena requires

disclosure of privileged or other protected matters and no exception or waiver applies, this Court *must* properly quash the subpoena under Fed. R. Civ. P. 45(d)(3)(A)(iii).

### 2. The subpoena must be quashed because it imposes an undue burden.

In determining whether a subpoena is unduly burdensome, the Court must consider the facts of the case, "such as the party's need for the documents and the nature and importance of the litigation." *Wiwa v. Royal Dutch Petroleum Co*, 392 F.3d 812, 818 (5th Cir. 2004). Six factors are considered in making this determination, including "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* Importantly, when non-parties are subpoenaed for documents, the court also considers "the expense and inconvenience to the non-party." *Id.*

Defendant has not shown, and cannot show, the relevance and need for the information and documents it seeks. Plaintiff has already produced all of his medical records and bills from Elite Medical. Beyond this, none of the requested information or documents are relevant to the instant case. Evidence of litigation loans is particularly irrelevant here, as litigation loans do not extinguish liability of a seaman's employer regarding a maintenance and cure claim. *See Seymore v. Penn Mar. Inc.*, 281 Fed. Appx. 300, 301 (5th Cir. 2008). The Court in *Beam v. Watco Companies, L.L.C.*, 2:18-CV-02018-SMY-GCS, 2021 WL 3054971, at *2 (S.D. Ill. Jan. 20, 2021), was faced with a similar request for litigation loan documents. The Court explained that litigation loan evidence "neither expands a party's claim, defense, or counterclaim, nor supports impeaching an opposing party." *Id.* And it certainly does not "mitigate a claim for maintenance and cure because such loans must be repaid if the litigant is successful in its case."

*Id.* Thus, according to the Southern District of Illinois, such evidence is irrelevant to either the issues of the case or to credibility matters. *See id.*; *see also VHT, Inc. v. Zillow Group, Inc*, C15-1096JLR, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016) (denying litigation funding discovery "[w]ithout some objective evidence that any of [defendant's] theories of relevance apply to [the] case"); *see also MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (denying litigation funding discovery on relevance grounds without a "specific, articulated reason to suspect bias or conflicts of interest").

Furthermore, despite its irrelevance to the instant proceedings, Defendant is also already in possession of the "Lien and Receivables Purchase and Assignment Agreement" identified in the Elite Medical subpoena and questioned Dr. Hayes about the agreement extensively at his recent deposition. *See* Ex. 4, Hayes Dep. at 125:9–132:18. Defendant was also able to question Dr. Hayes about particular invoices that were paid by Access Healthcare on Mr. Perry's behalf, and Dr. Hayes confirmed that Mr. Perry is "ultimately responsible for all charges." *Id*. at 50:10–17. Dr. Hayes also confirmed that Elite Medical does not track patient referrals from Access Healthcare in any "reasonable fashion," that the process of identifying all of these patients by searching each individual chart would be incredibly burdensome, and that the number of referrals from Access Healthcare is not "practically knowable." *Id*. at 135:5–136:20. He gave the same answer with respect to the total amount of revenue Elite Medical has derived from Access Healthcare. *Id*. at 139:15–23 ("That's not practicably answerable.").

Finally, even assuming some marginal relevance, that relevance is significantly outweighed by the overbreadth and burdensomeness of the information and document

11

requests. As discussed above, Defendant's requests go far beyond information or documents pertaining specifically to Mr. Perry's medical treatment for injuries sustained in this case. For example, Defendant asks Elite Medical to provide testimony and documents identifying the total number of *all* Arnold & Itkin clients treated by Elite Medical over the last five years; the total amount paid to Elite Medical on behalf of *all* Arnold & Itkin clients over the last five years; the identity of all payors who made payments for or on behalf of *all* Arnold & Itkin clients over the last five years; the "historical amounts" accepted by Elite Medical Wellness for *all patients* represented by Arnold & Itkin, *without limitation*; *all* patient referrals to Elite Medical and/or Dr. Hayes by either Access Healthcare or Arnold & Itkin over the last five years; and the total for *all* amounts Access Healthcare has paid to Elite Medical and/or Dr. Hayes over the past five years. *See* Ex. 2, Elite Medical Subpoena to Testify at attached Exhibit A, ¶¶ 7–12. Simply put, none of these requests have any relevance to Mr. Perry or his remaining maintenance and cure claim. These overbroad subpoenas served on a non-party are unduly burdensome and must be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A).

**B.    There is good cause for this Court to issue an order to protect Mr. Perry and other Arnold & Itkin clients from annoyance, embarrassment, oppression, and undue burden or expense pursuant to Fed. R. Civ. P. 26(c).**

Federal Rule of Evidence 26(c) permits "a party or any person from whom discovery is sought" to move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue such an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id*. This includes forbidding the disclosure or discovery requested. *Id*.

While the subpoena to Elite Medical technically requests testimony and documents from a third party, as discussed throughout the instant motion, the scope of Defendant's

12

requests directly implicates Mr. Perry and other Arnold & Itkin plaintiffs. As also discussed herein, litigation funding has *no relevance* to Mr. Perry's federal maintenance and cure claim. *See*, *supra* at 10–11. It is clear that Defendant seeks to circumvent Texas law, which clearly prohibits the kind of discovery Defendant now seeks, by serving its subpoena on a non-party in this severed federal case rather than in Mr. Perry's pending Jones Act case, which has been remanded to Texas state court. There is good cause for this Court to grant Mr. Perry's request for a protective order.

As Defendant is undoubtedly aware, Texas state courts routinely prohibit discovery concerning litigation funding arrangements. In fact, Defendant's counsel (Ahmad, Zavitsanos & Mensing PLLC), is particularly familiar with this issue, as they have recently been on the losing end of several motions filed in Texas state court in an attempt to obtain the exact type of discovery Defendant now seeks from Elite Medical. On May 8, 2024, these exact same defense lawyers filed a motion to compel discovery in front of Midland County's Judge David G. Rogers in *James Steverding v. Geo Drilling Fluids, Inc*. *See* Ex. 5, Defendant's Motion to Compel Discovery in *Steverding* (May 8, 2024). The motion sought, in relevant part: (1) documents and communications reflecting the identity of any person or entity providing financing, funding, or factoring for the plaintiff's medical treatment; (2) the contacts and agreements with any such persons or entities; and (3) records of payments made by any such persons or entities. *Id*. at 2. Judge Rogers signed an order **denying** that motion on September 27, 2024. Ex. 6, Rogers Order Denying Def. Motion to Compel Discovery in *Steverding* (September 27, 2024). Months later in *Sunde v. MBC Energy Services, Inc*., counsel for Defendant again brought a nearly identical motion before Judge Leah G. Robertson in Midland County, Texas. *See* Ex. 7, Defendants' Joint Motion to Compel Discovery in *Sunde* (November

13

15, 2024). Again, Judge Robertson **denied** the motion in full. Ex. 8, Robertson Order Denying Def. Joint Motion to Compel Discovery in *Sunde* (December 18, 2024).

Following extensive briefing and argument, the courts in *Steverding* and *Sunde* agreed that contracts with medical financing companies are simply not relevant to whether a plaintiff's medical treatment was necessary or whether the charges were reasonable, and also rejected defense counsel's unsubstantiated allegations that the evidence sought was relevant to a medical provider's potential bias. *See* Exs. 6 and 8 (orders denying motions to compel, attached as Exs. 5 and 7, which argued that the evidence sought was relevant to the bias of the plaintiff's medical providers and the reasonable value of medical services provided to the plaintiff).

Defendant clearly recognizes that such evidence is not discoverable in Texas state court. As discussed above, the evidence has even less relevance in the instant federal case, which is limited to a claim for maintenance and cure. Defendant should not be permitted to seek evidence which is wholly irrelevant to the instant case in order to skirt the Texas rules of evidence and discovery. If permitted to obtain the information and documents sought in the instant subpoena to Elite Medical, Defendant will undoubtedly attempt to argue for its use or admission in defense of Mr. Perry's pending state court case as well as any Texas state court cases defense counsel may have against other Arnold & Itkin plaintiffs implicated by Defendant's improper and overbroad requests.

In sum, the Court has good cause to issue an order to protect Mr. Perry and others from annoyance, embarrassment, oppression, and undue burden or expense. Fed. R. Civ. P. 26(c). The information requested in the Defendant's subpoena issued to Elite Medical violates the privileges of Mr. Perry and other Arnold & Itkin plaintiffs as well as their rights under the

14

discovery rules of both this Court and Texas state court. Mr. Perry therefore asks that this Court issue an order forbidding the discovery sought in Defendant's subpoena to Elite Medical, including the deposition Elite Medical and all information or documents related to Defendant's requests contained in the subpoena and its attached Exhibit A. *See generally* Ex. 2, Elite Medical Subpoena to Testify; *see also id.* at attached Exhibit A.

## CONCLUSION

Because the Defendant's subpoena seeks information and documents which require disclosure of privileged or other protected matter and impose undue burden, Mr. Perry respectfully asks that the Court enter an order quashing the subpoena issued to third-party Elite Medical Wellness, LLC. Mr. Perry further asks that this Court issue an order of protection prohibiting the discovery sought therein.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ John G. Grinnan*
Kurt B. Arnold
Fed ID No. 36185
Texas Bar No. 24036150
karnold@arnolditkin.com
J. Kyle Findley
Attorney-in-Charge
Fed ID No. 1322711
Texas Bar No. 24076382
kfindley@arnolditkin.com
John G. Grinnan
Fed ID No. 2081424
Texas Bar No. 24087633
jgrinnan@arnolditkin.com
Brian M. Christensen
Fed ID No. 3812727
Texas Bar No. 24134326
bchristensen@arnolditkin.com
6009 Memorial Drive

15

Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF
LANDON PERRY**

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(c)(1), I hereby certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve this dispute without court action.

*/s/ John G. Grinnan*
John G. Grinnan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Civil Procedure on February 7, 2025.

*/s/ John G. Grinnan*
John G. Grinnan

16