# Exhibit 1

Case 4:23-cv-04441   Document 30-1   Filed on 02/07/25 in TXSD   Page 2 of 9

10/20/2023 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 80825096
By: Shelby Jaco
Filed: 10/20/2023 3:42 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LANDON PERRY, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | | |
| v. | § § | HARRIS COUNTY, TEXAS |
| HALLIBURTON ENERGY SERVICES, INC. | § § § | |
| | § | _____ JUDICIAL DISTRICT |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Landon Perry ("Plaintiff") and files this Original Petition complaining of Halliburton Energy Services, Inc. ("Defendant") and would respectfully show the Court the following:

### I.

### DISCOVERY LEVEL

1.   Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.

### NATURE OF THE CASE

2.   Plaintiff brings this action under the Jones Act as a result of an incident that occurred on April 22, 2023.

### III.

### PARTIES

3.   Plaintiff Landon Perry is a Jones Act seaman and a resident of Louisiana.

4. Defendant Halliburton Energy Services, Inc. ("Halliburton") maintains its principal place of business in Houston, Texas and is therefore "at home" in Texas. In other words, Defendant Halliburton Energy Services, Inc. is a resident and citizen of Texas. This Defendant may be served with process through its registered agent: Capitol Corporate Services, Inc., 1501 S Mopac Expy Ste 220, Austin, TX 78746 USA.

## IV.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case as the claims asserted arise under the Jones Act, general maritime law, and Texas law. *See* 46 U.S.C. § 688; 28 U.S.C. § 1333. Additionally, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of this Court.

6. This case is not removable. First, Jones Act claims are axiomatically not removable—regardless of diversity of the parties. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *Lewis v. Lewis & Clark*, 531 U.S. 438, 455 (2001). Second, Defendant Halliburton Energy Services, Inc. is a citizen of Texas which precludes removal under the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2).

7. The Court may exercise personal jurisdiction over Defendant Halliburton Energy Services, Inc. as a Texas citizen and resident.

8. Venue is proper in Harris County because Defendant Halliburton Energy Services, Inc.'s principal place of business is in Houston, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

## V.

### FACTS

9. On or about April 22, 2023, Plaintiff was as working as a Jones Act seaman employed by Halliburton aboard the *M/V Stim Star III*. The *M/V Stim Star III* is a vessel operated and managed by Halliburton and engaged in the maritime commerce of transporting chemicals to offshore rigs. Plaintiff was permanently assigned to the *M/V Stim Star III* as an operator on the vessel.

10. Plaintiff conducted all or a substantial part of his work on the *M/V Stim Star III* while deployed in navigable waters. Plaintiff's work contributed to and aided the vessel in accomplishing its mission. Plaintiff engaged in sea-based work on the *M/V Stim Star III* with allegiance to Halliburton's vessel management. Neither Plaintiff nor the *M/V Stim Star III* were engaged in any physical activity that involved the exploration or production of minerals.

11. While in the course and scope of his employment with Halliburton on April 22, 2023, Halliburton ordered Plaintiff to assist in mixing chemicals in a tank. Plaintiff was instructed to perform this task because these chemicals were needed for a maritime voyage of the *M/V Stim Star III*.

12. Despite ordering Plaintiff to mix two chemicals, Halliburton failed to provide Plaintiff with a full Tyvek suit for protection. Halliburton also failed to warn Plaintiff of the dangers associated with the two chemicals. Instead, Haliburton forced the Plaintiff to work in a dangerous manner without protection or notice of the risks. When the two chemicals were mixed, an explosion occurred.

13. Plaintiff was horrifically burned by the fiery explosion of chemicals. Plaintiff sustained excruciating burns and permanent scarring on his genitals. Due to his injuries, Plaintiff has suffered and will continue to suffer physical pain, physical impairment,

disfigurement, and mental anguish. Plaintiff has lost and will continue to lose wages. Plaintiff has incurred and will continue to incur significant medical expenses.

14. Halliburton's reckless conduct—including Halliburton's failure to provide a safe working environment, dangerous instructions and directions, and failure to provide safe and adequate equipment—was a direct and proximate cause of Plaintiff's severe injuries. Halliburton's vessel managers, shoreside managers, and executive personnel in Houston failed to provide safe policies, procedures, and directions for the work that Plaintiff was engaged in at the time of the incident. As a result, Plaintiff sustained life-altering injuries.

## VI.

### CAUSES OF ACTION

*A.  Negligence and Gross Negligence*

15. Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs as if set forth fully herein.

16. Defendant was negligent and grossly negligent for reasons including but not limited to the following:

   a. failure to provide safe tools and equipment;

   b. failure to provide warnings and instructions;

   c. failure to warn of hidden hazards;

   d. failure to properly supervise personnel;

   e. failure to provide adequate personal protective equipment;

   f. failure to maintain a safe work environment;

   g. failure to safely plan the work;

   h. failure to isolate flammables;

4

      i. failure to take precautions against reactions and ignition;

      j. failure to assess and mitigate hazards;

      k. failure to safely operate equipment;

      l. failure to properly train employees;

      m. failure to respond to the emergency;

      n. vicariously liable for its employees' negligence and gross negligence;

      o. violating applicable Coast Guard, OSHA, and/or BSEE rules;

      p. violating its own safety rules and regulations;

      q. other acts deemed negligent and grossly negligent.

17. As a direct and proximate result of Defendant's acts and omissions, Plaintiff sustained severe injuries, which resulted in physical pain, suffering, impairment, disability, disfigurement, mental anguish, and distress. Plaintiff has also suffered a significant loss of earnings in the past as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

18. Plaintiff is entitled to punitive damages because Defendant's aforementioned actions were grossly negligent. Punitive damages are available under general maritime law and Texas law for egregious tortious actions, including gross negligence.

19. Defendant acted with flagrant and malicious disregard for Plaintiff's health and safety. Defendant was subjectively aware of the extreme risks posed by the conditions which caused Plaintiff's injuries but made a conscious decision to not rectify them. Defendant did so knowing that the job Plaintiff performed posed an extreme risk of injury.

20. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had actual,

subjective awareness of the risk, and consciously disregarded the risk by proceeding with work that posed an extreme degree of risk to Plaintiff.

### B.     Failure to Pay Maintenance and Cure

21.    Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs as if set forth fully herein.

22.    As a Jones Act seaman, Plaintiff is entitled to maintenance and cure as a result of the injuries he sustained in the underlying incident. Plaintiff sustained his injuries while in the course of serving the vessel in his capacity as a Jones Act seaman assigned to the *M/V Stim Star III*.

23.    Defendant has a legal duty to pay maintenance and cure to Plaintiff. Defendant has failed to pay Plaintiff's maintenance and cure. Defendant has either not paid the owed maintenance and cure or has unreasonably and arbitrarily withheld the payment of maintenance and cure. Defendant has failed to provide Plaintiff with maintenance and cure despite knowing of Plaintiff's injuries that occurred during his work for Defendant.

24.    Additionally, Defendant's decision to not pay maintenance and cure has been unreasonable, arbitrary, and willful. Plaintiff is thus entitled to punitive damages for Defendant's failure to honor its maintenance and cure obligations.

## VII.

### DAMAGES

25.    As a result of Defendant's acts and omissions, Plaintiff has suffered and seeks recovery for his damages, including the following:

   a.  Compensatory damages;

   b.  Actual damages;

    c. Consequential damages;

    d. Past and future maintenance and cure;

    e. Exemplary damages;

    f. Past and future pain and suffering;

    g. Past and future mental anguish;

    h. Past and future impairment;

    i. Past and future disfigurement;

    j. Loss of household services;

    k. Pre-judgment interest;

    l. Post-judgment interest;

    m. Costs of court;

    n. All other relief to which Plaintiff is justly entitled.

26. In accordance with TEX. R. CIV. P. 47, Plaintiff states that he seeks monetary relief over $1,000,000.

## VIII.

### JURY TRIAL DEMAND

27. Plaintiff hereby demands a trial by jury on all claims.

## IX.

### PRAYER

28. Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of

7

Court, exemplary damages, and all such other and further relief to which he may show himself justly entitled.

        Respectfully submitted,

        **ARNOLD & ITKIN LLP**

        */s/ Kurt B. Arnold*
        Kurt B. Arnold
        SBN: 24036150
        karnold@arnolditkin.com
        J. Kyle Findley
        SBN: 24076382
        kfindley@arnolditkin.com
        John G. Grinnan
        SBN: 24087633
        jgrinnan@arnolditkin.com
        6009 Memorial Drive
        Houston, Texas 77007
        Tel: 713.222.3800
        Fax: 713.222.3850
        e-service@arnolditkin.com

        **ATTORNEYS FOR PLAINTIFF**