Exhibit 14

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **TERRY BOUTTE** | : | **CASE NO. 2:24-MC-00011** |
| **VERSUS** | : | |
| **ELITE MEDICAL WELLNESS ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel Compliance with Subpoena Directed to Non-Party Elite Medical Wellness ("Respondent") filed by Jackson Offshore Operators, LLC, and Chevron U.S.A. Inc. (collectively, "Movants"). Doc. 1. For the reasons that follow, the motion is GRANTED IN PART and DENIED in part. The Motion is GRANTED IN PART as to the following requests, and Respondent is ordered to produce the following information by July 31, 2024:

- The motion to compel is GRANTED IN PART as to Request No. 1, insofar as Respondent is ordered to produce appropriately redacted[1] documents reflecting or describing the total amount of payments received by Respondent from January 2019 through the present for medical services provided to the A&I Client/Patients[2] identified in Movants' supplemental briefing.

---

[1] For purposes of this Memorandum Order, "appropriately redacted" documents should be redacted of patient identifiers and protected health information to protect patient privacy.

[2] As discussed below, Movants' supplemental briefing identifies 37 individuals who were both A&I clients and patients of Respondent. These individuals are referred to collectively as the "Client/Patients."

1

- The motion to compel is GRANTED IN PART as to Request No. 2, insofar as Respondent is ordered to produce appropriately redacted invoices for the A&I Client/Patients who paid in cash or as self-pay from January 2019 through the present.

- The motion to compel is GRANTED IN PART as to Request No. 15 insofar as Respondent is ordered to produce any document (including texts, emails, or other correspondence) reflective of any arrangement or agreement between Respondent and A&I concerning what Respondent charges for its services.

- The Motion to Compel is GRANTED IN PART as to Request No. 16, insofar as Respondent is ordered to produce any appropriately redacted invoice from any Client/Patient referred by A&I, as identified in the list provided by Movant, from January 2019 to present.

- The motion to compel is GRANTED IN PART as to Request No. 19 insofar as Respondent is ordered to produce any communications with any employee or representative of A&I about this subpoena.

- The motion to compel is GRANTED as to Request No. 32.

The Motion to Compel [doc. 1] is otherwise DENIED.

# I.
## BACKGROUND

Counsel for movant issued the subpoena in connection with *Terry Boutte, Jr. v. Jackson Offshore Operators, LLC, et al.*, No. 4:22-cv-00948 (S. D. Tex), which is pending in the Houston Division of the U.S. District Court of the Southern District of Texas (the "*Boutte* Litigation"). As of this writing, the *Boutte* Litigation is set for trial on August 22, 2024. Doc. 20.

In the Motion to Compel, Defendants assert that plaintiff has placed his mental health, loss of earning capacity, and future medical expenses at issue in the *Boutte* Litigation. Doc. 1, att. 1,

2

p. 1. The subpoena seeks information from plaintiff Boutte's health provider, Respondent Elite Medical Wellness, to show that the provider is biased in favor of Boutte's law firm, A&I:

> Movants' Subpoena seeks information that tends to suggest the healthcare providers at Elite are biased, litigation support experts who were specifically retained by Arnold & Itkin, LLP ["A&I"] to support Boutte's case, and that they are not independent, disinterested "non-retained" experts as portrayed by Boutte and his attorneys. The Subpoena seeks precisely that type of information and should be enforced as written. Movants aver that they are seeking documents related to Boutte's payments, A&I's payments on behalf of Boutte, third party payments on behalf of Boutte, and A&I's payments on behalf of other plaintiffs they have referred to Elite as these documents are highly relevant to addressing the issues of causation, damages, bias, and credibility.

Doc. 1, att. 1, p. 2. The motion to compel is properly filed in this district because Respondent conducts its business in this district. Fed. R. Civ. P. 37(a)(2)("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.")

The subpoena contains 32 requests for information. Doc. 1, att. 3. Many of the requests seek records relating to non-party patients who are also clients of plaintiff Boutte's counsel, A&I. Other requests seek records relating to patients receiving treatment similar to Boutte and records relating to Respondent's billing and collection practices. Respondent's initial response to the subpoena answered "none" to most of the requests, indicating that there were no responsive documents, aside from a "master clinic fee schedule" setting standard fees for a variety of services, which the clinic represents that it charges regardless of the source of patient referral or ultimate payor for the services. Doc. 17, p. 3.[3]

The court held a hearing in this matter on March 6, 2024, and Respondent explained that Respondent "does not have the capacity to identify patients by litigation status or affiliated law

---

[3] Federal Rule of Civil Procedure 45(d)(2)(B) permits objections to a subpoena seeking the production of documents and prescribes the time within which such objections must be lodged. Respondent's original pro se letter response to the subpoena (doc. 1, att. 13) hinted at objections of relevancy and over-breadth; however, after retaining counsel, Respondent amended its responses entirely (doc. 6, att. 1) and did not maintain any objections to the subpoena.

firm," [doc. 17, p. 3], such that it would be burdensome to manually locate references to a firm or litigation in patient files. Following the hearing, the court ordered Movants to provide the court with any information in their possession tending to show that Respondent's written responses to the subpoena were incomplete or inaccurate. Movants and Respondent have now submitted that supplemental briefing, making this matter ripe for resolution.

Movants' supplemental briefing includes a list of 37 patients, including Boutte, who were treated by Respondent in connection with litigation in which they were represented by Arnold & Itkin (collectively, the "Client/Patients"). Doc. 11, att. 2 (sealed).[4] Movants argue that this list demonstrates the inadequacy of responses to sixteen of the discovery requests because, Movants reason, there must be records pertaining to the Client/Patients among Respondent's files.

Respondent admits that the list of A&I Client/Patients makes it possible to search records for responsive documents as to those patients:

> In their supplemental response, the Offshore Defendants now appear to identify a few patients who are/were represented by Arnold & Itkin, LLP. Without this patient information, the Medical Provider previously did not have the capacity to identify which patients might be affiliated with which law firms, if any. Now that the Medical Provider has the names for these specific patients, the Medical Provider obviously can identify and gather any medical records or billing records associated with these specific patients.

Doc. 17, p. 3. Respondent argues, however that the information sought is not discoverable under Texas law solely to show bias.[5] Doc. 17, pp. 6-7 (citing *In re Dolezal*, 970 S.W.2d 650 (Tex. App.

---

[4] Approximately half of the Client/Patients are identified only by association with the litigation they participated in, as "ASGARD PLAINTIFFS" A through U. Movant attaches under seal redacted records for these ASGARD Plaintiffs, presumably to allow Respondent to identify the patients and locate their files.

[5] The *Boutte* Litigation was originally brought in Texas state court, and the defendants removed the matter to federal court, asserting federal question jurisdiction. Notice of Removal, *Terry Boutte, Jr. v. Jackson Offshore Operators, LLC, et al.*, No. 4:22-cv-00948, doc. 1 (S. D. Tex 3/23/22). The *Boutte* Litigation remains in federal court. Accordingly, federal law governs questions of discoverability in this forum. *See* Fed. R. Civ. P. 26.

4

1998)). Additionally, Respondent notes that patient confidentiality and HIPPA prohibit the unauthorized dissemination of medical records.

## II.
## LAW

"Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) (citing Fed. R. Civ. P. 45(3)(A)(i)-(iv))." Generally, modification of a subpoena is preferable to quashing it outright. *Id.* To assess the burden on the subpoenaed party, the court should consider:

> (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.

*Id.* (internal citations omitted).

The party issuing the subpoena bears the initial duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d). The court must enforce this duty. *Id.* When a motion to compel such as this is granted in part and denied in part, "the court may issue any protective order authorized under Rule 26(c)[ . . . ]." Fed. R. Civ. P. 37(a)(5)(C). Under Rule 26(c), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (A) forbidding the disclosure or discovery;

5

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

Fed. R. Civ. P. 26(c).

The United States Court of Appeals for the Fifth Circuit has held that an expert witness may be cross-examined about fees earned in prior cases to demonstrate possible bias. *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) *superseded by statute on other grounds, as recognized in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n. 16 (5th Cir. 2002). "A showing of a pattern of compensation in past cases raises an inference of the possibility that the witness has slanted his testimony in those cases so he would be hired to testify in future cases." *Id.*

Courts in this circuit have allowed limited discovery into the relationship between an expert and law firm to show bias. "Evidence of a special relationship between an expert witness and legal counsel is relevant to demonstrate the possible bias of the expert witness, and discovery that is reasonably calculated to lead to such evidence should be permitted." *Butler v. Rigsby*, No. CIV.A 96-2453, 1998 WL 164857, at *3 (E.D. La. Apr. 7, 1998); *see also, Rogers v. Crosby Tugs, Inc.*, No. CV 12-2453, 2016 WL 9406114, at *1 (E.D. La. Jan. 22, 2016) (allowing discovery related to "the relationship between counsel for plaintiff and plaintiff's treating physician," but limiting the scope of the requests); *Harris v. Celadon Trucking Servs., Inc.*, No. CV 18-03317, 2019 WL

6

13223693, at *4 (E.D. La. Aug. 28, 2019) (allowing discovery as to the number of patients referred to non-party physicians from law firms or litigation funding companies as relevant to the question of bias); *but see Haydel v. State Farm Mut. Auto. Ins. Co.*, No. CV 07-939-C-M2, 2009 WL 10679318, at *2 (M.D. La. July 27, 2009) (denying discovery into physician's relationship with litigation patients or their attorneys where proponent of discovery failed to show that physician "has a 'track record' of repeatedly testifying as an expert in favor of personal injury plaintiffs").

Having considered the motion and Respondent's objections, the court issues the following orders limiting the scope of the requested discovery to protect Respondent from undue burden and expense, in accordance with Federal Rules of Civil Procedure 26 and 37.

### III.
#### APPLICATION

**A.      Request No. 1**

The request numbered 1 and the original response provided by Respondent read as follows:

1. Any Document reflecting or describing the amount, percentage, or any other metric utilized to determine the total amount of payments received by You from January 2016 through the present related to medical services provided to patients referred to You by A&I, including any such patients whose medical invoices were paid under a letter of protection or any similar arrangement in which You agreed to accept payment after the resolution of a lawsuit.

RESPONSE: None.

Doc. 6, att. 1, p. 3. Movant says that, in simplified form, Request No. 1 seeks: "Any Document reflecting or describing … the total amount of payments received by [Elite] from January 2016 through the present related to medical services provided to patients referred to [Elite] by A&I." Doc. 16, p. 10 (alterations original).

The court agrees with Movant that there should be responsive documents to the simplified version of Request No. 1, now that Movant has provided a list of A&I clients Respondent is known

7

to have treated. The motion to compel is GRANTED IN PART as to Request No. 1, and Respondent is ordered to produce appropriately redacted documents reflecting or describing the total amount of payments received by Respondent from January 2019 through the present for medical services provided to the A&I Client/Patients identified in Movants' supplemental briefing. The court reduces the period to 2019 through present to limit the burden and expense on Respondent. The motion to compel is otherwise DENIED as to Request No. 1.

**B.      Request No. 2**

The request numbered 2 and the original response provided by Respondent read as follows:

2. Any Document reflecting or describing the average amount, percentage, or any other metric utilized to determine the total amount You have received from January 2016 through the present, as payment in full of any charges billed to patients referred to You by A&I, and whose medical bills were paid in cash and/or as "self-pay."

RESPONSE: None other than the attached master clinic fee schedule.

Doc. 6, att. 1, p. 3. Movant says that, in simplified form, this request seeks "[a]ny Document reflecting or describing … the total amount [Elite] have received from January 2016 through the present, as payment in full of any charges billed to patients referred to [Elite] by A&I, and whose medical bills were paid in cash and/or as 'self-pay.'" Doc. 16, p. 11. Movant reasons that any invoice for a patient referred by A&I who paid in cash or as self-pay would be responsive, including invoices for services rendered to Mr. Boutte. *Id.* at 12.

The motion to compel is GRANTED IN PART as to Request No. 2, and Respondent is ordered to produce appropriately redacted invoices for the Client/Patients who paid in cash or as self-pay from January 2019 through the present. The motion to compel is otherwise DENIED as to Request No. 2.

C.  **Request No. 4**

> The request numbered 4 and the original response provided by Respondent read as follows:
>
> 4. Any Document reflecting or describing the medical services provided to patients referred to You by A&I from January 2016 through the present and including the date the medical services were provided, the name of the individual who provided the medical services, and the medical billing codes associated with the medical services provided.
>
> RESPONSE: None.

Doc. 6, att. 1, p. 3. Movant says that billing records for patients referred by A&I would again be responsive to this request. Doc. 16, p. 12-23.

To produce every document reflecting any medical services provided to 36 individuals would necessarily require Respondent to produce potentially voluminous confidential medical information concerning individuals who are strangers to this litigation, and it would further require a significant effort to redact those documents to protect patient privacy. This burden on Respondent outweighs the potential value of these documents to show bias on Respondent's part. The motion to compel is therefore DENIED as to Request No. 4.

D.  **Request No. 6**

> The request numbered 6 and the original response provided by Respondent read as follows:
>
> 6. Any Document reflecting or describing the average amount, percentage of the total amount charged, or any other metric utilized to determine the amount You have accepted since 2016 as full payment for the same categories of treatments/services as those provided to Terry Boutte, Jr. for charges billed to Your patients whose medical bills were paid in cash and/or as "self-pay."
>
> RESPONSE: None other than the attached master clinic fee schedule.

Doc. 6, att. 1, p. 3-4. Movant says that, in simplified form, this request seeks the total amount Elite has "accepted since 2016 as full payment in **for the same categories of treatments/services as those provided to Terry Boutte, Jr.** for charges billed to Your patients whose medical bills

9

were paid in cash and/or as 'self-pay.'" Doc. 16, p. 13 (emphasis original). Movants explain that "it would be related to any and all patients who have received the same treatment as Boutte and paid by in cash or as self-pay[,]" and that a "proper response" would include documents from "**every** Elite patient" receiving the same treatment as plaintiff Boutte. Doc. 16, p. 14 (emphasis original).

The motion to compel is DENIED as to Request No. 6 as overbroad.

E.    **Request No. 9**

The request numbered 9 and the original response provided by Respondent read as follows:

> 9. Any Document reflecting or describing the highest and lowest percentage reduction (by way of adjustment, write-off, discount, or otherwise) applied by You to any patient's medical bill since 2016 for patients whose medical bills were paid in cash and/or as "self pay."
>
> RESPONSE: None.

Doc. 6, att. 1, p. 4. Movant asserts again that "proper response to this request would include the relevant documents of **every** Elite patient whose bill has ever been adjusted." Doc. 16, p. 15.

The motion to compel is DENIED as to Request No. 9 as overbroad.

F.    **Request No. 10**

The request numbered 10 and the original response provided by Respondent read as follows:

> 10. Any Document reflecting or describing the highest and lowest percentage reduction (by way of adjustment, write-off, discount, or otherwise) applied by You to any patient's medical bill since 2016 for patients whose medical bills were paid by major health insurance plans, worker's compensation coverage, Medicaid, and Medicare.
>
> RESPONSE: None.

Doc. 6, att. 1, p. 4. Movant explains that patients covered by insurance and workers' compensation would be likely to have billing adjustments, so movants reason that the response must be incomplete. Doc. 16, p. 15.

The motion to compel is DENIED as to Request No. 10 because the requested discovery does not directly relate to the relationship between Respondent and A&I or any bias on Respondent's part.

**G.      Request No. 12**

The request numbered 12 and the original response provided by Respondent read as follows:

> 12. Any Document reflecting or describing the highest and lowest amount You have accepted since 2016 as full payment for the same categories of treatments/services as those provided to Terry Boutte, Jr. for charges billed to its patients whose medical bills were paid in cash and/or as "self-pay."
>
> RESPONSE: None other than the attached master clinic fee schedule.

Doc. 6, att. 1, p. 4. Despite acknowledging that Respondent maintains it charges all of its patients "the same thing" for the same services, Movant reasons that there must be responsive documents to this request because other individuals received the same categories of treatment as Boutte, and any invoice for this treatment would be responsive. Doc. 16, p. 15-16.

The motion to compel is DENIED as to Request No. 12 as overbroad because the requested discovery does not directly relate to the relationship between Respondent and A&I or any bias on Respondent's part.

**H.      Request No. 13**

The request numbered 13 and the original response provided by Respondent read as follows:

11

> 13. Any Document reflecting or describing the highest and lowest amount You has [sic] accepted since 2016 as full payment for the same categories of treatments/services as those provided to Terry Boutte, Jr. for charges billed to patients whose medical bills were paid by major health insurance plans, worker's compensation coverage, Medicaid, and Medicare.
>
> RESPONSE: None other than the attached master clinic fee schedule.

Doc. 6, att. 1, p. 5. Movant again reasons that it is difficult to imagine that there are no responsive documents to this request. Doc. 16, p. 16. The motion to compel is DENIED as to Request No. 13 because the requested discovery does not directly relate to the relationship between Respondent and A&I or any bias on Respondent's part.

**I.     Request No. 14**

The request numbered 14 and the original response provided by Respondent read as follows:

> 14. Any Document reflecting or describing the dates when You have collected Your full chargemaster rate (i.e. the amount originally billed to a patient for medical care, treatment, or services) for the same categories of treatments/services as those provided to Terry Boutte, Jr.
>
> RESPONSE: None.

Doc. 6, att. 1, p. 5. Movant argues that there must be documents responsive to this request because Respondent maintains that it always charges all patients the same rate and other individuals have received the same categories of treatment as Boutte. Doc. 16, p. 23.

Although there may be documents responsive to this request, the motion to compel is DENIED as to Request No. 14 as overbroad because the requested discovery does not directly relate to the relationship between Respondent and A&I or any bias on Respondent's part.

**J.     Request No. 15**

The request numbered 15 and the original response provided by Respondent read as follows:

12

> 15. Any Document reflecting or describing the billing policies, practices, or arrangements of Elite Medical Wellness regarding the amount Elite Medical Wellness charges for medical treatment, the amount Elite Medical Wellness adjusts and/or writes off for its charges when accepting payment for its charges, and the amount(s) Elite Medical Wellness accepts as full payment of its charges billed to its patient. This matter pertains to charges, adjustments, write-offs, and accepted payments from any source, whether the billing policies, practices, or arrangements involve private health insurers, Medicaid, Medicare, workers' compensation, a letter of protection, self-payment, or payment from any other source.
>
> RESPONSE: None other than the attached master clinic fee schedule.

Doc. 6, att. 1, p. 5. Movant says that, in simplified form, this request seeks any "Document *reflecting* or describing … the amount Elite Medical Wellness charges for medical treatment, the amount Elite Medical Wellness adjusts and/or writes off for its charges when accepting payment for its charges, and the amount(s) Elite Medical Wellness accepts as full payment of its charges billed to its patient." Doc. 16, p. 17(emphasis original). Movant reasons that "every invoice issued by Elite would be responsive to this request." Doc. 16, p. 17.

The motion to compel is GRANTED IN PART as to Request No. 15 insofar as Respondent is ordered to produce any document (including texts, emails, or other correspondence) reflective of any arrangement or agreement between Respondent and A&I concerning what Respondent charges for its services. The motion to compel is otherwise DENIED as to Request No. 15 as overbroad.

**K.     Request No. 16**

The request numbered 16 and the original response provided by Respondent read as follows:

> 16. Any Document reflecting or describing the billing policies, practices, or arrangements of Elite Medical Wellness for collecting on medical expenses incurred by its patients who are claimants in a lawsuit. This matter pertains to any policy, practice, or arrangement regarding: (a) deferral of payment for medical expenses incurred by patients who are claimants in a lawsuit, (b) submitting or not submitting a patient's medical charges to available payment sources when the

13

patient is a claimant in a lawsuit; and (c) collecting payment from a patient who is, or was, a claimant in a lawsuit who is unable to pay their medical bills after the lawsuit has concluded.

RESPONSE: None other than the attached master clinic fee schedule.

Doc. 6, att. 1, p. 5. Movant again notes that any invoice from any patient who was a claimant in a lawsuit would "reflect" Respondent's billing practices. Doc. 16, p. 17.

The Motion to Compel is GRANTED IN PART as to Request No. 16, insofar as Respondent is ordered to produce any appropriately redacted invoice from any Client/Patient who was a claimant in a lawsuit, as identified in the list provided by Movant for the period from January 2019 to present. The Motion to Compel is otherwise DENIED as to Request No. 16 as overbroad.

**L.     Request No. 19**

The request numbered 19 and the original response provided by Respondent read as follows:

> 19. Any correspondence, or communication of any kind with any attorney, agent, representative, or an individual or entity associated with a party in the above referenced lawsuit, or any other party outside of Elite Medical Wellness other than Elite Medical Wellness's counsel regarding this Subpoena Duces Tecum, and/or any document or record related to or responsive to this discovery.
>
> RESPONSE: None.

Doc. 6, att. 1, p. 6. The court interprets Request No. 19 as seeking any communication between Respondent and anyone other than Respondent's counsel about this subpoena or document responsive to the subpoena. Movant suggests that there must be responsive documents to this request because, in the *Boutte* Litigation, Plaintiff Boutte attempted to quash or limit the subpoena and that "it seems highly unlikely that no one at Elite communicated with Mr. Boutte's counsel, Arnold & Itkin." Doc. 16, p. 19. The Federal Rules of Civil Procedure require Movant to provide

the subpoena to the parties to the *Boutte* litigation before serving it, so the court does not find it suspicious that A&I was aware of the subpoena. *See* Fed. R. Civ. P. 45(a)(4).

The motion to compel is GRANTED IN PART as to Request No. 19 insofar as Respondent is ordered to search email records and other correspondence for any communication with any employee or representative of A&I about this subpoena and to produce any responsive documents with a privilege log if necessary. The motion to compel is otherwise DENIED as to Request No. 19.

**M.    Request No. 20**

The request numbered 20 and the original response provided by Respondent read as follows:

> 20. Any billing policies, practices, or arrangements of Elite Medical Wellness for collecting on medical expenses incurred by its patients who are claimants in a lawsuit since January 1, 2016.
>
> RESPONSE: None.

Doc. 6, att. 1, p. 6. Movant acknowledges it is "conceivable that Elite has no specific billing policy or practice with respect to patients who are claimants in a lawsuit," but Movant finds it inconceivable that Respondent has never made an "arrangement" to collect on medical expenses from any patient who was a claimant in a lawsuit, and Movant reasons that any correspondence "simply sending invoices" for those patients would be responsive. Doc. 16, p. 20.

The motion to compel is DENIED as to Request No. 20 except insofar as Respondent has elsewhere been ordered to produce appropriately redacted invoices for the Client/Patients.

**N.    Request No. 23**

The request numbered 23 and the original response provided by Respondent read as follows:

15

> 23. Any price sheets or documents listing pricing, charges, reimbursement rate, accepted payment adjustments, discounts, write-offs, or any reductions to rates charged for the same categories of treatments/services as those provided to Terry Boutte, Jr. from December 5, 2021 to the present.
>
> RESPONSE: None.

Doc. 6, att. 1, p. 6. Movant reasons that "any invoice or billing statements for categories of treatment similar to those received by Terry Boutte, Jr. from December 5, 2021 to present would be responsive."

The motion to compel is DENIED as to Request No. 23 as overbroad.

**O.    Request No. 27**

The request numbered 27 and the original response provided by Respondent read as follows:

> 27. Any and all policies or other documents addressing financial arrangements (including but not limited to, deferral of payment, reduction of charges, deferral or referral of outstanding bills to collection or factoring, deadlines or due dates for medical bills, etc.) with uninsured patients and/or patients who do not file an insurance claim for services at your facility since December 5, 2021.
>
> RESPONSE: None. Non-payment of services results in an administrative hold on an individual's account. No further clinical actions are permitted.

Doc. 6, att. 1, p. 7. Movant says that, in simplified form, this request seeks "documents addressing financial arrangements with uninsured patients and/or patients who do not file an insurance claim for services[.]" Doc. 16, p. 21. Movant notes that there must be a document that advises a patient that clinical services will be discontinued because of non-payment, either in initial intake paperwork or otherwise. Doc. 16. Movant also notes that the request for "other documents addressing financial arrangements" is "very broad," and that there must be some untruth to the assertion that there are no responsive documents. *Id.* While it is true that there may be other documents responsive to the broadest reading of this request, it would also be inappropriate to

16

burden a non-party treating physician with a records request broad enough to reach into every paitent's file.

The motion to compel is DENIED as to Request No. 23 as overbroad and unduly burdensome for a non-party subpoena.

**P.      Request No. 32**

The request numbered 32 and the original response provided by Respondent read as follows:

> 32. Any correspondence or communication of any kind with any attorney, agent, representative, or an individual or entity associated with a party in the above referenced lawsuit, regarding this discovery request, subpoena, any document or record related to or responsive to this discovery, this lawsuit, or plaintiff in this lawsuit, either individually, collectively, or generally.
>
> RESPONSE: None.

Doc. 6, att. 1, p. 8. Similar to Request No. 19, this request seeks any correspondence about the instant subpoena between Respondent and anyone associated with the *Boutte* litigation. Movant believes there must be responsive documents because Respondent communicated about the subpoena with counsel for Movants. Doc. 16, p. 2. Movant also believes there may be responsive communications between Respondent's counsel and A&I's counsel. *Id.*

The motion to compel is GRANTED as to Request No. 32.

### IV.
### CONCLUSION

The Motion to Compel [doc. 1] is GRANTED IN PART as to the following requests, and Respondent is ordered to produce the following information by July 31, 2024:

- The motion to compel is GRANTED IN PART as to Request No. 1, insofar as Respondent is ordered to produce appropriately redacted documents reflecting or describing the total amount of payments received by Respondent from January 2019 through the present for

17

medical services provided to the A&I Client/Patients identified in Movants' supplemental briefing.

- The motion to compel is GRANTED IN PART as to Request No. 2, insofar as Respondent is ordered to produce appropriately redacted invoices for the A&I Client/Patients who paid in cash or as self-pay from January 2019 through the present.

- The motion to compel is GRANTED IN PART as to Request No. 15 insofar as Respondent is ordered to produce any document (including texts, emails, or other correspondence) reflective of any arrangement or agreement between Respondent and A&I concerning what Respondent charges for its services.

- The Motion to Compel is GRANTED IN PART as to Request No. 16, insofar as Respondent is ordered to produce any appropriately redacted invoice from any Client/Patient referred by A&I, as identified in the list provided by Movant, from January 2019 to present.

- The motion to compel is GRANTED IN PART as to Request No. 19 insofar as Respondent is ordered to produce any communications with any employee or representative of A&I about this subpoena.

- The motion to compel is GRANTED as to Request No. 32.

The Motion to Compel [doc. 1] is otherwise DENIED.

**THUS DONE AND SIGNED** in chambers this 30th day of June, 2024.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**